**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


**UNITED STATES OF AMERICA**

**CASE NO.: 8:20-CR-371**

**ZAFIRO CRAXMAN MENDIOLA**
          Defendant.

                             /

## <u>SENTENCING  MEMORANDUM</u>


COMES  NOW, the Defendant, Zafiro Craxman Mendiola, by and through undersigned counsel, and files this Memorandum in support of his request  to reduce the calculation of his guidelines base offense level as presented in the Presentence  Report.

The Defendant has entered a guilty plea to conspiracy to possess with intent to Distribute 1000 lb of marijuana and 5 kilograms or more of cocaine aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. sec. 70503(a),70506(a)and(b); and 21 U.S.C . sec. 960(b)(1)(B).

Zafiro Craxman Mendiolo is a 46 year old male who was born on Corn Islands, Nicaragua.  He has lived there most of his life. As child he lived with his father, mother and his siblings until the age of seven when his father moved the family to Puerto Cabezas on the mainland. While in Puerto Cabezas he witnessed the violence of the civil war, and the family endured the hardships that accompanied the war. Because of this his father packed everyone up and returned to Corn Islands., where he has remained until the time of his arrest. In his early adulthood he was a diver who gathered lobster from the underwater cliffs surrounding Corn Islands. He unfortunately suffered a severe diving accident when he ascended from a depth of

140 feet too quickly and was paralyzed from the waist down. After years of rehabilitation has returned to lobster fishing however he no longer dives. He was residing with his girlfriend and their son in a one room shack when arrested. He is divorced and has 3 daughters from his marriage., he has a good relationship with them and provides them financial support. He was raised by his father and mother until approximately the age of 14 or 15, when his father left the home with another women. Thereafter he, his siblings, and his mother struggled financially to the extent that they lived at times with insufficient food to feed themselves. He was in a prior marriage which produced 3 daughters 2 of which are minors.

His role in this conspiracy was to be a mariner on a three-man 27 foot open fisherman type boat, they were to deliver the marijuana aboard the boat to someone in Costa Rica. They were at sea for 3 days. He was to be paid approximately $30,000.00 in U.S. currency for the trip, he received $ 800.00 before he left Nicaragua, and was to receive the balance upon his return.

The United States Probation Office has calculated his base offense level to be 29 based on 1201.80 kilograms of converted drug weight, pursuant to USSG 2D1.1(c)(1) of the Drug Quantity Table. The Defendant was merely a mariner and had no position of authority.

The Defendant's role in this criminal offense was that of a crewman. He was not an organizer, certainly not a financier. The boat was loaded by others, he was truly at the bottom of the totem pole and a expendable as an empty gas can to the organizers and those in charge of this criminal conspiracy. The marijuana was loaded aboard this vessel by others he gave no orders but rather orders were given to him by the other conspirators. The Defendant's compensation was minimal in comparison to the value of the drugs. His co- defendant Carlos Rigby Smith had

charge of the GPS and the coordinates for the location of the drug pickup and deliver.

The Defendant contends that with the offense level of 29; and the 2 level reduction for not being the master of the ship plus 2 levels reduction for safety reduction the Defendant's TOTAL OFFENSE LEVEL would be 25. The Defendant's criminal history category of I resulting in an advisory sentence range based on the USSG of 57 to 71 months in prison.

The 11th Circuit has established a two-part process for District Courts to determine an appropriate sentence following United States v. Booker. 543 US 220 (2005).

First, the Court must consult and correctly determine the sentencing range as prescribed by the Sentencing Guidelines. Then the Court must impose a reasonable sentence in light of the factors enumerated in 18 U.S.C. 3553(a):

> 1) the need to reflect the seriousness of the offense to promote respect for the law and to provide just punishment.
> 2) The need for deterrence.
> 3) The need to protect the public.
> 4) The need to provide the most effective correctional treatment or medical care.
> 5) The nature and circumstances of the offense.
> 6) The history and characteristics of the defendant.
> 7) The sentencing guideline range.
> 8) The need to avoid unwanted sentencing disparities.

In arriving at an appropriate sentence for the criminal activity involved and this particular defendant the Court must review the defendant's background, which includes his educational level as well as his cultural setting, his entire life has been one of a life in a third world country. The cost of incarceration should also be taken into consideration in arriving at a reasonably fair and just sentence in this case.

The fact that the Defendant will be deported after serving his sentence is also a factor to be weighted.

It is the Defendant's position that a sentence of 75 months would be a reasonable

sentence under the circumstances of this case.  Such a sentence would satisfy all of section 3553(a)'s factors and would be appropriate under the circumstances See Gall v. United States , 128 S.Ct.586 (2007).

Respectfully Submitted,

/s/ Angelo M. Ferlita
ANGELO M. FERLITA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th____ day of January, 2022, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system.

/s/ Angelo M. Ferlita
**ANGELO M. FERLITA, ESQUIRE**
ANGELO M. FERLITA, P.A.
531 Garrard Dr.
Tampa, Florida  33617
(813) 254-7047
Florida Bar No.: 173286